United States Courts
Southern District of Texas
FILED

JAN 09 2023   BM

Nathan Ochsner, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA ARADILLAS, | § | |
| Plaintiff, | § | |
| V. | § | 5:21-cv-00160 |
| LAREDO COLLEGE, | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES CYNTHIA ARADILLAS.,** as a reluctant Per Se Plaintiff in the above entitled and numbered cause. Due to Improper and Illegal withdrawal from her former counsel, Dr. Aradillas is forced to proceed as a Pro Se Plaintiff with a huge disadvantages; she does not have the lawyer credentials, experiences, and attorney qualifications. She has requested guidance from the Court; however, there has been no response, and the Federal Court has denied her request to access the court filing to her case, Dr. Aradillas is a Per Se Plaintiff and would like to have the freedom to uncover all the wrongdoing and reveal all the truth in this matter; therefore, she files this Amended Petition, and in support thereof would respectfully show:

I.

### DISCOVERY CONTROL PLAN

1. Dr. Aradillas affirmatively requests and pleads that the discovery in her matter be conducted in accordance with a NEW SCHEDULING ORDER and a NEWLY DEVELOPED DISCOVERY PLAN that would require the agreement of Dr. Aradillas. The current plan does not have Dr. Aradillas' consent. The Scheduling Order was agreed by her former counsel without Dr. Aradillas' permission and should be disregarded since the attorney withdrawal was improperly done from the case in violation of the Texas Rules of Professional Conduct.

II.

### THE PARTIES

2. Plaintiff CYNTHIA ARADILLAS, (hereinafter "Per Se Plaintiff" or "Dr. Aradillas") is a natural person who resides in Laredo, Webb County, Texas. VIOLATION of the Texas Rules of Professional Conduct

has forced Dr. Aradillas to serve as a Per Se Plaintiff even though she has objected to being in this DISADVANTAGE that is unfair since she does not have the required knowledge; she does not have lawyer credentials, experiences, and attorney qualifications etc.

3. Defendant LAREDO COLLEGE as an institution including ALL VINDICTIVE EMPLOYEES and HOSTILE COUNSEL, (hereinafter "Defendant(s)" or "LC") is a community college organized and existing pursuant to the laws of the State of Texas and operates in Webb County, Texas.

III.

## RULE 47 STATEMENT

4. Dr.. Aradillas sues the defendants for damage in excess of $1,000,000.00.

IV.

## JURISDICTION & VENUE

5. The Venue is mandatory in Webb County Texas pursuant to Tex. Civ. Pr. & Rem. Code Section 15.002 (General Rule). Due to this being an important decision, it is best for the Plaintiff to approve the venue.

6. This case rightfully began in the 341st JUDICIAL DISTRICT WEBB COUNTY, TEXAS as CAUSE No. 2020-CVK-000449-D3 where it belongs. However, Dr. Aradillas' former counsel improperly allowed the change to THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS after Dr. Aradillas stated that she preferred to continue in State Court. Her attorney then withdrew as counsel from the case without the Plaintiff's consent.

For this reason, Dr. Aradillas requested a remedy for the violations and respectfully made her MOTION TO MOVE THE CASE TO STATE COURT [46] (Pending Court Decision to Grant)

V.

## FACTUAL BACKGROUND

7. Dr. Aradillas first began her employment with LC (or Laredo Community College as it was then known) in 2002-2003. Since that time she always received consecutive employment contracts with LC until 2018-2019.

8. Dr. Aradillas' contracts for 2002-2003, and 2003-2004, did not contain any provisions for termination of the contract during its term. Beginning with her contract in 2004-2005, language for termination of the

contract during its term was added. For that year the contract could be terminated for only four reasons, 1) good cause, 2) financial exigency, 3) program change or 4) mutual agreement.

9. Beginning the next year, 2005-2006, the contract Dr. Aradillas signed added a provision for termination during its term for "change in status." These five reasons for termination during the term of the contract (1) good cause, 2) financial exigency, 3) program change, 4) mutual agreement or 5) change in status) remained unchanged from 2005-2006 to 2010-2011.

10. The Laredo Community College Board of Trustees awarded Dr. Aradillas' TENURE beginning with the 2007-2008 academic year. She was praised for having the "academic credentials, professionalism, caring and commitment essential to be an outstanding instructor. As a tenured faculty member, she served as a role model for our students, our institution and our community".

11. In 2011-2012, the contract was changed again. This time "Assignment or Reassignment" was added as a reason that the contract could be terminated during its term. From the 2011-2012 contact to Dr. Aradillas' last contract in 2018-2019, the only reasons a contact could be terminated during its term were 1) good cause, 2) financial exigency, 3) program change, 4) mutual agreement, 5) change in status or 6) assignment or re-assignment.

12. During the 2014 calendar year, Dr. Aradillas made a total of seven (7) grievance claims against LC for discrimination, harassment, intimidation and retaliation. None of those grievances were resolved during 2014 and several were the subject of complaints the Equal Employment Opportunity Commission (EEOC).
The Defendants attempted to ILLEGALLY TERMINATE Dr. Aradillas; however, the Board of Trustees unanimously DISAGREED with this unjust attempt and unanimously VOTED to EXPUNG all their illegal records of this ILLEGAL TERMINATION ATTEMPT. After this abusive act, Dr. Aradillas has continued to receive consecutive employment contracts with LC until 2018-2019.

13. Rather than resolving Dr. Aradillas' complaints, LC responded by making another change to the contact that allowed LC to assign Distance Learning and/o0r Continuing Education classes to Dr. Aradillas. These classes, should they be assigned, take up substantial time and effort on the part of Dr. Aradillas, and could have led to downturn in Dr. Aradillas' performance. Had such a situation occurred, Dr. Aradillas could have been unfairly charged with poor performance and thus possibly exposed to

termination of her contract. Thankfully, Dr. Aradillas' performance was such that no downturn in performance occurred. Indeed, in every single year Dr. Aradillas has taught at LC, her evaluations have uniformly been excellent and exceeding expectations. This is true of her evaluations on her last contract as well.

14. However, in spite of her stellar job performance, the harassment against Dr. Aradillas did not cease. Indeed, in 2015, Dr. Aradillas was forced to file suit against LC. That suit led to LC implementing several changes that Dr. Aradillas had long been advocating for, and which provided the students of LC a better learning environment and a superior education. In part, the changes that Dr. Aradillas was responsible for are implementing a final exam policy, clarifying the chain of command, overhauling attendance regulations, reforming student reinstatement procedures, outlining the Spanish Committee Chair's responsibilities, reassessing travel fund guidelines, attainable professional development plans, creation of an academic course guide, and Quality Matters certifications in Spanish and English courses.

15. In the face of all these improvements that can be tied directly to Dr. Aradillas, LC has continued its campaign to harass, bully and tarnish Dr. Aradillas reputation and deprive her, unjustly, of her employment.

16. This campaign reached its head on September 6, 2018, when Dr. Ricardo J. Solis, President of LC, peened a memo recommending Dr. Aradillas termination.

17. As stated above, termination of a contract during its terms can occur only on a very limited basis. Dr. Solis attempted to base his memo on the first of those limited reasons, "good cause." Dr. Aradillas' "exceptional" evaluations never included such reasons for termination. Therefore, the first paragraph of his memo shows that no "good cause" existed, and termination of Dr. Aradillas contract on that basis was Improper and in Violation of the Contract and Dr. Aradillas other rights.

18. Dr. Solis alleged that Dr. Aradillas had 1) violated her Faculty Contract FY 2017-2018 2) violated College District policies and 2) was insubordinate. At the outset it is important to note that neither violation of College District policies nor insubordination are specified in the contract as being "good cause." Furthermore, pursuant to LC official policy, such matters are only grounds for termination "if they adversely affect job performance." What is not in any dispute is that Dr. Aradillas' job performance has never been anything other than impeccable and "exceptional" including her evaluation of her Faculty

Contract FY 2017-2018. Even assuming for the sake of argument that Dr. Aradillas was in violation of policy or insubordinate (which Dr. Aradillas avers she did not) such actions had no effect whatsoever on her job performance. As such, any reliance by LC on those actions to justify Dr. Aradillas' termination is wholly improper and a pretext for LC to remove her.

19. Finally, the allegations of failure to follow policy and insubordination are not true. Dr. Aradillas never willingly violated any policy and never did more than exercise her rights to free speech by inquiring of her superiors the reasons that supported certain decisions. Merely asking a question or expressing an opinion is not insubordinate. Dr. Aradillas never acted in an insubordinate manner, though, as explained above, had she done so it was of no moment given her stellar job performance.

20. After a review process that failed utterly to protect Dr. Aradillas' rights, Dr. Solis' recommendation to terminate Dr. Aradillas was adopted on or about October 21, 2019.

## VI.
## CAUSES OF ACTION
*COUNT 1*

21. **BREACH OF CONTRACT-** Dr. Aradillas reiterates and adopts each and every allegation of the foregoing paragraphs as if set forth herein verbatim. LC breached the contract they had with Dr. Aradillas. That contract is a valid and enforceable contract and Dr. Aradillas has performed all obligations under it, or been excused from performing those obligations by LC's actions. LC has failed to perform his obligations under the contract by terminating Dr. Aradillas without justification. Dr. Aradillas and her career have suffered damages as a result of this breach. In addition to compensatory damages in the form of the monies that would are due had the contract not been improperly terminated by LC's breach, Dr. Aradillas is also entitled to pre and post judgment interest on the above-mentioned damages as well as court costs and attorney's fees. Prior to the filing of this lawsuit, Plaintiff presented its claim for attorneys fees to LC based on Dr. Aradillas' cause of action for breach of contract.

*COUNT 2*

22. **TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS-** Dr. Aradillas reiterates and adopts each and every allegation of the foregoing paragraphs as if set forth herein verbatim. Dr. Aradillas has, for the majority of her time working at LC, held prestigious positions and acted as an

outside consultant based on her exceptional performance at LC. There was a reasonable probability that Dr. Aradillas would continue in these positions and consultations. LC's knowingly false allegations that Dr. Aradillas had violated the terms of her contract in such a manner that it required termination intentionally interfered with Dr. Aradillas prospective relationships. The actions of LC, in falsely charging Dr. Aradillas and then unjustly terminating her, are independently tortious.

Dr. Aradillas has struggled obtaining the much needed HEALTH and MEDICAL INSURANCES for herself and her family. The interference by LC has been very expensive and difficulty for Dr. Aradillas. Laredo College has caused her suffering from SEVERE MENTAL ANGUISH and DEPRESSION and these injuries have also affected her ability to perform and/or obtain these prestigious positions and consultations.

The interference has continued while attempting to receive JUSTICE and has caused Dr. Aradillas' additional MENTAL ANGUISH and DEPRESSION injuries in the form of actual damages and entitles her additional actual damages in the form of monies for lost opportunities based on LC's victimization and actions. Dr. Aradillas is also entitled to recovery of exemplary damages for the intentional nature of LC's actions, as well as pre- and post-judgment interest on these sums plus costs of court as she rightfully seeks her JUSTICE.

*COUNT 3*

23. **DISCHARGE OF PUBLIC EMPLOYEE - WHISTLEBLOWER—** Dr. Aradillas reiterates and adopts each and every allegation of the foregoing paragraphs as if set forth herein verbatim. Dr. Aradillas is a public employee. Her various complaints to LC about the harassment, discrimination and intimidation by LC staff were all good faith reports that another public official or LC itself had violated the law. Dr. Aradillas reported these activities to her immediate supervisors and/or other superiors at LC, who were the appropriate authorizes to receive such reports and/or complaints. As a result of Dr. Aradillas actions she was unjustly and improperly terminated from her employment. Dr. Aradillas continues to be harassed as she fights to obtain her JUSTICE.

By way of examples but not limited to some of the injustices that Dr. Aradillas has suffered are included in the following Dr. Aradillas document:

   1. MOTION —TO DISREGARD MY [Dkt. No. 45] Plaintiff Advisory to Court Per Se

   2. PLAINTIFF MOTION —TO MOVE CASE TO STATE COURT [46]

   3. PLAINTIFF RESPONSE —DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND [49]

4. PLAINTIFF REPEATING AND RESTATING MOTION —MOTION TO MOVE CASE TO STATE COURT [50]

5. PLAINTIFF MOTION —TO RECUSE THE DEFENDANT'S ATTORNEYS AND LAW FIRM

*COUNT 4*

24. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CASE NO. 451-2021-02301 RETALIATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964, AS AMENDED, and the OPEN RECORDS ACT / PUBLIC INFORMATION ACT**—The President of the Board, Mercurio Martinez has acknowledged ILLEGAL RETALIATION when the Laredo College Board of Trustees and the 341st Judicial District Webb County, Texas judge that was going to preside in Dr. Aradillas' court trial have been meeting. Apparently, they have not avoided all impropriety and appearance of impropriety in violation of EEOC.

In addition, Laredo College tampered with the evidence in Dr. Aradillas' 2017-2018 evaluation performance rating. Laredo College violated EEOC and the OPEN RECORDS ACT / PUBLIC INFORMATION ACT. This occurred after she had been denied the evaluation increase in the past. While she was accused of violating her Contract FY 2017-2018, she was not allowed access to her 2017-2018 "Exceptional" Evaluation from her personnel file until much later even though she had made an OPEN RECORDS ACT REQUEST, Laredo College waited until they completed Dr. Aradillas' termination to provide the requested document.

Laredo College violated FEDERAL LAWS and the OPEN RECORDS ACT / PUBLIC INFORMATION ACT; therefore, Dr. Aradillas is entitled to past lost wages and past benefits, further lost wages and lost earning capacity, additional emotional pain and suffering, additional mental anguish and additional loss of enjoyment of life, re-instatement and front pay, pre and post judgment interest on those amounts, tremendous accumulation in attorney's fees and court costs.

VII.

## JURY DEMAND

25. Dr. Aradillas demands a jury trial and tenders the appropriate fee with this petition.

VIII.

## CONDITIONS PRECEDENT

26. All conditions precedent to Dr. Aradillas' claims for relief have been performed or have occurred.

IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED, Dr. Aradillas** asks that the Court issue citation for LC to appear and answer, and that Dr. Aradillas be awarded a judgment against defendant for the following:

a. Compensatory damages of at least $2,000,000.00;

b. At least $6,000,000.00 in exemplary damages;

c. Damages for emotional pain and suffering of at least $3,000,000.00;

d. Damages for mental anguish of at least $10,000,000.00;

e. Prejudgment and post-judgment interest on these amounts;

f. Court costs;

g. Reasonable and Necessary accumulated Attorneys fees, and;

h. All other relief to which Hydroworks is justly entitled.

Respectfully Submitted,

PLAINTIFF
DR. CYNTHIA ARADILLAS
9804 Starla Court
Laredo, Texas 78045
E-Mail: samaria4@email.phoenix.edu
Telephone (956) 231-3820

ATTORNEYS FOR DEFENDANT
Craig Wood E-Mail: cwood@wabsa.com
Katie E. Payne E-Mail: kpayne@wabsa.com
WALSH GALLEGOS TREVIÑO KYLE & ROBINSON, P.C.
1020 NE Loop 410, Suite 450
San Antonio, Texas 78216
Tel No.: (210) 979-6633
Fax.: (210) 979-7024