United States District Court
Southern District of Texas
**ENTERED**
March 05, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **CYNTHIA ARADILLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:21-CV-00160** |
| | § | |
| **LAREDO COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

On July 10, 2024, the Court ordered Plaintiff Cynthia Aradillas ("Plaintiff") to file a single consolidated motion to amend her case's pleadings by August 16, 2024, with the amended complaint attached. (Dkt. 89 at 2–3.) Defendant Laredo College ("Defendant") was permitted to respond by September 6, 2024, and Plaintiff was permitted to reply by September 13, 2024. (*Id.* at 3.) The Court issued that Order to begin addressing Plaintiff's "numerous repetitive motions to amend her pleadings and to request summary judgment," which had "brought this litigation to a halt." (*Id.* at 2.) Now pending before the Court are the "Pro Se Plaintiff's Fifth Amended Petition and Complaint" (Dkt. 92), Defendant's Response in Opposition (Dkt. 93), and Plaintiff's Motion for Leave to Amend Pleadings, Sixth Amended Petition and Complaint, and Reply (Dkt. 94). Also pending are thirty-two of Plaintiff's other "numerous repetitive motions" (Dkt. 89 at 2)—including eight motions she filed after the September 13th reply date—along with three of Defendant's corresponding Opposed Responses and nine of Defendant's Motions to Strike.[1]

---

[1] Plaintiff's other pending Motions are Dkts. 50–55, 61–62, 64–65, 68–69, 71, 75–77, 79–80, 82, 85–88, 91, 95–99, 101, 106, 108. Defendant's corresponding Opposed Responses are Dkts. 56, 66, 72, and its corresponding Motions to Strike are Dkts. 59–60, 100, 102–105, 107, 109.

Plaintiff has not shown good cause to amend her complaint for a third time several years into this case and many months after the deadline set in the scheduling order. (*See* Dkt. 1 at 1; Dkt. 21 at 1.) The Court therefore DENIES Plaintiff leave to amend her pleadings (Dkts. 92, 94). After explaining this ruling, the Court will rule on the forty-one other pending motions that Plaintiff and Defendant have filed in Discussion Section B of this Order. The Court will then clarify which pleadings govern the remainder of this action and which claims remain live in Discussion Section C. The Court will set a strict deadline for the Plaintiff to file **ONE** motion for summary judgment and for limited responsive filings in Discussion Section D. The Court will issue a warning to Plaintiff about filing repetitive motions and set out the rules for the Parties to follow for the rest of this case in Discussion Section E. Finally, the Court will reiterate its rulings on the Parties' motions and the new motion for summary judgment deadlines in the Conclusion.

## Background

This case arises out of Defendant Laredo College's termination of Plaintiff Cynthia Aradillas's employment as a tenured professor on October 21, 2019. (Dkt. 1, Attach. 52 at 3–8.)[2] Plaintiff filed her Original Petition, First Amended Petition, and Second Amended Petition through counsel. (*Id.*, Attachs. 2, 11, 52.) Plaintiff first attempted to amend her pleadings *pro se* on January 9, 2024, when she filed "Plaintiff's Amended Petition." (Dkt. 53.) As of the date of this Order, Plaintiff has moved to amend her complaint twelve times since becoming a *pro se* litigant. (Dkts. 53, 61, 64, 69, 75, 88, 92, 94, 95, 97, 99, 106.) A summary of the procedural history relevant to the pending motions follows.

---

[2] The Parties have labeled their sub-filings as "Exhibits." However, the Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

## A.    Initial Pleadings and Amendments

Plaintiff filed an Original Petition in state court against Defendant on February 27, 2020, bringing three claims: 1) breach of contract; 2) tortious interference with prospective relations; and 3) discharge of public employee – whistleblower. (Dkt. 1, Attach. 2 at 6–8.) In her whistleblower claim, Plaintiff alleged that she was "unjustly and improperly terminated" for "[h]er various complaints to LC about the harassment, discrimination and intimidation by LC staff." (*Id.* at 8.) Plaintiff was represented at that point by attorney Marcel C. Notzon, III. (*Id.* at 9.)

Defendant challenged the state court's subject matter jurisdiction over Plaintiff's tort and whistleblower claims. (Dkt. 1, Attach. 5 at 4–9; *id.*, Attach. 54 at 2.) On July 29, 2020, Plaintiff filed a First Amended Petition that included solely a breach of contract claim. (*Id.*, Attach. 11 at 7.) The Parties then litigated Plaintiff's breach of contract claim for over a year in state court. (*Id.*, Attach. 54 at 2–4.)

In September of 2021, Mr. Notzon moved to withdraw and substitute attorney Frank Hill as Plaintiff's counsel, which the state court granted. (Dkt. 1, Attach. 49 at 2; *id.*, Attach. 54 at 4.) Represented by Mr. Hill, Plaintiff filed a Second Amended Petition on November 16, 2021, asserting for the first time violations of Plaintiff's federal rights. (*Id.*, Attach. 52 at 8–11.) Specifically, the Second Amended Petition set forth the following claims: 1) breach of contract; 2) discrimination under Title VII of the 1964 Civil Rights Act; 3) retaliation under Title VII; 4) a 42 U.S.C. § 1983 claim for violation of Plaintiff's First Amendment rights; and 5) a § 1983 claim for violation of Plaintiff's procedural due process rights. (*Id.*) On December 3, 2021, Defendant timely removed the case to federal court based on the new federal claims and the Court's federal question and supplemental jurisdiction. (Dkt. 1 at 1–2.)

## B.    Partial Dismissal of Plaintiff's Claims and Withdrawal of Counsel

Soon after removal, Defendant moved to dismiss the claims in Plaintiff's Second Amended Petition in part, which the Court granted in part on June 8, 2022. (Dkt. 7.) The Court dismissed two sets of Plaintiff's claims: first, her claims for discrimination under Title VII; and second, her § 1983 claims for violation of her First Amendment rights. (Dkt. 7 at 5–12.) The Court gave Plaintiff until June 29, 2022, to move for leave to amend her complaint to replead her First Amendment claim. (*Id.* at 12.) Plaintiff decided at that time not to replead her First Amendment claims, and the case proceeded on Plaintiff's remaining Second Amended Petition claims: 1) breach of contract; 2) retaliation under Title VII; and 3) a § 1983 claim for violation of Plaintiff's procedural due process rights. (Minute Entry for July 14, 2022.) Stefanie Klein entered an appearance as counsel for Plaintiff, along with Mr. Hill, on July 25, 2022. (Dkt. 12.)

The Magistrate Judge held two scheduling conferences with the Parties and issued an Amended Scheduling Order on November 8, 2022. (*Id.*; Minute Entry for Nov. 8, 2022; Dkt. 21.) The Amended Scheduling Order deadline to amend the pleadings was March 6, 2023. (Dkt. 21 at 1.) Plaintiff did not move to amend the pleadings by that deadline, and both Parties continued litigating the case with an eye toward trial. (*See* Dkts. 22–25, 27.)

On March 28, 2023, around three weeks after the deadline to amend the pleadings, Mr. Hill and Ms. Klein moved for leave to withdraw as Plaintiff's counsel, asserting that communicating with Plaintiff had "become nearly impossible, and Movants are no longer able to provide effective representation in this matter to Dr. Aradillas." (Dkt. 28 at 1.) Plaintiff initially opposed the withdrawal motion. (Dkt. 30 at 1.)

In the filings that followed, Plaintiff claimed that she had asked many times for her counsel to amend the complaint, whereas her counsel claimed that they "conferred at length" over the course of a week with Plaintiff about whether to replead her dismissed causes of action, and

memorialized her decision not to replead, only to receive an email from Plaintiff several hours later "to request that various freedom of speech issues be added to her lawsuit." (Dkt. 33 at 1; Dkt. 34 at 1–2; Dkt. 42 at 2–4, 7.) Plaintiff's filings also included email correspondence from Plaintiff to her counsel on February 15, 2023, stating, "Yes, I would like to continue with the lawsuit and your law firm." (Dkt. 42 at 11.)

After reviewing these filings and holding a hearing on the withdrawal motion, the Magistrate Judge granted Mr. Hill and Ms. Klein's Motion to Withdraw on July 5, 2023. (Dkt. 43; *see also* Dkts. 29–37, 42.) The Magistrate Judge continued the case and stayed the contemporaneous deadlines until July 19, 2023, to give Plaintiff an opportunity to locate new counsel. (Dkt. 43 at 4.) When Plaintiff failed to secure new counsel by that date, the Magistrate Judge issued an updated Scheduling Order on August 1, 2023, that included deadlines solely for discovery and dispositive motions. (Dkt. 44 at 6.) Per that Scheduling Order, all discovery was to be completed by April 22, 2024, which was also deadline to file dispositive motions. (*Id.*)

## C.    *Pro Se* Motions and Order to Consolidate

On October 2, 2023, around three months after the new Scheduling Order was issued, Plaintiff moved *pro se* to remand her case to state court. (Dkt. 46.) While that motion and its responsive filings were under advisement by the Court, Plaintiff began to file a flurry of other *pro se* motions, seeking among other things to recuse Defendant's attorneys, amend her pleadings, move for summary judgment, and have a conference with the Court. (Dkts. 50–55, 61–62, 64–65, 68–69.) After the Court denied Plaintiff's Motion to Remand the case to state court in March of 2024 (Dkt. 70), Plaintiff continued filing motion after motion restating her claims. (Dkts. 71, 75–77, 79–80, 82, 85–88.) This led the Magistrate Judge to terminate the April 22, 2024, dispositive motions deadline. (Dkt. 74.)

On July 10, 2024, the Court "order[ed] Plaintiff to consolidate her numerous pending motions into a single motion to amend the pleadings" with the amended complaint attached, cautioning that "[a]ny argument the parties wish for the Court to consider must be reprised in the consolidated briefing, or it shall be deemed abandoned." (Dkt. 89 at 2–3.) The Court ordered Plaintiff to file a single, consolidated motion to amend the complaint by August 16, 2024. (*Id.* at 4.) Defendant's response was due by September 6, 2024, and Plaintiff's reply was due by September 13, 2024. (*Id.*) The Parties met these deadlines, and the Court now turns to consider the consolidated motion and consolidated briefing (Dkts. 92–94).

## Legal Standard

Rule 16(b) of the Federal Rules of Civil Procedure sets the standard for amending pleadings once the scheduling order deadline has expired. Fed. R. Civ. P. 16(b); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Four factors are relevant to good cause in this context:

(1) the explanation for the failure to timely move for leave to amend;
(2) the importance of the amendment;
(3) potential prejudice in allowing the amendment; and
(4) the availability of a continuance to cure such prejudice.

*Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024), *cert. denied*, 2025 WL 76584 (U.S. Jan. 13, 2025) (quoting *S&W Enterprises*, 315 F.3d at 536 (cleaned up)).

"The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises*, 315 F.3d at 535 (internal citations omitted). It is only once the moving party has shown good cause to modify the scheduling order that the more liberal Rule 15(a) standard applies to a court's decision of whether to grant or deny leave to amend. *Id.* at 536. Courts evaluate the four factors relevant to

good cause holistically, looking to the diligence of the party seeking the modification. *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

**Discussion**

The Court notes at the outset that it will liberally construe Plaintiff's filings and hold her requested pleadings to a less stringent standard than the pleadings her former lawyers filed because Plaintiff is proceeding *pro se*. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, Plaintiff must still "satisfy the plausibility pleading standard" and "must still brief the arguments in order to preserve them." *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018). As a *pro se* litigant, Plaintiff is also not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (quoting *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).

A.      **Evaluation of Good Cause to Amend the Complaint**

As Defendant points out, Plaintiff's Fifth Amended Petition and Complaint includes no motion for leave to amend and no explicit arguments on good cause for the Court to allow the amendment. (Dkt. 93 at 2, 4; *see also* Dkt. 92 at 1.) But as part of the consolidated briefing ordered by the Court, Plaintiff does move for leave to amend in her reply and include arguments on good cause in that document, which the Court will consider. (Dkt. 94 at 1–3). In her reply, Plaintiff additionally seeks to demonstrate good cause to add additional Defendants to her lawsuit—her prior federal counsel (Mr. Hill and Ms. Klein) as well as one of Defendant's attorneys, George Russell Meurer. (Dkt. 94 at 1, 3, 6.)

Plaintiff previously included more extensive good cause arguments in moving for leave to amend than she did here in her consolidated briefing. (*See, e.g.*, Dkt. 75 at 2–16.) However, the Court clearly stated in its Order to consolidate that "[a]ny argument the parties wish for the Court to consider must be reprised in the consolidated briefing, or it shall be deemed abandoned." (Dkt. 89 at 3.) As such, the Court will proceed to consider only the good cause arguments set forth in Plaintiff's Fifth Amended Petition and Complaint (Dkt. 92) and Motion for Leave to Amend Pleadings, Sixth Amended Petition and Complaint, and Reply (Dkt. 94), as well as the Defendant's arguments in response (Dkt. 93).

Plaintiff's arguments for why there is good cause to amend after the scheduling order deadline are that: 1) she is now *pro se*, with the associated difficulties of representing herself as a non-attorney; 2) according to Plaintiff, "she has successfully won her Case 5:21-cv-00160 in Summary Judgment" due to lack of response to her Summary Judgment Motions by Defendant; 3) in Plaintiff's view, Defendant's Response (Dkt. 93) to her Fifth Amended Petition constitutes additional retaliation and violation of her First Amendment rights and attempts to "cover up" its "illegal acts"; and 4) her prior counsel's representation was deficient. (Dkt. 94 at 1–4; see also Dkt. 92 at 1.) Defendant, in turn, argues that Plaintiff has failed to meet her Rule 16(b) burden to show good cause, and that her requested amendment would also fail under the more lenient Rule 15(a) standard. (Dkt. 93 at 3–6 (Rule 16 analysis), 6–18 (Rule 15 analysis).)

Plaintiff's second and third arguments misunderstand her case history and the adversarial nature of our justice system. They also fail to show good cause under any of the four relevant factors. Plaintiff has not won summary judgment in this Court, as she herself tacitly acknowledges in her Sixth Amended Petition and Reply when she states that "Dr. Aradillas' summary judgment should have be [*sic*] rendered by the Court . . . *The court never stated on the record the reasons*

*for denying Dr. Aradillas' motion*." (Dkt. 94 at 35 (emphasis added).) Rather, Plaintiff filed so many repetitive motions, including for partial summary judgment, that the Magistrate Judge found in March of 2024 that Defendant "cannot fairly be required to respond constantly" to Plaintiff's dispositive motions and that "no prejudice can accrue to Plaintiff by pausing them." (Dkt. 74 at 1.) The Magistrate Judge accordingly terminated the dispositive motions deadline and ordered that "no motion, response, or reply shall be due until further notice." (*Id.*) The Court also indicated that Plaintiff's summary judgment motions had not yet been ruled on in its Order to Consolidate in July of 2024. (*See* Dkt. 89 at 1–4.) Plaintiff should be aware that she has not won summary judgment, partial or otherwise, in this case.[3]

Plaintiff suggests that Defendant's Response (Dkt. 93) is itself a retaliatory cover-up that further violates her rights. Not so. "Our adversarial system of justice requires that we give both sides full and fair opportunity to present their strongest possible arguments to the court." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024). Just as the Court must give Plaintiff a "full and fair opportunity" to present her case, it must likewise give Defendant a "full and fair opportunity" to present its case. *Id.* It is not retaliation or suppression of Plaintiff's free speech rights for Defendant to put forth its strongest arguments. Instead, it is part and parcel of our adversarial justice system, which affords that same opportunity to Plaintiff. The Court will proceed to consider Plaintiff's other two good cause arguments—

---

[3] When the case was pending in state court, Judge Beckie Palomo entered an order captioned "Order Granting Plaintiff's Cynthia Aradillas Traditional Motion for Partial Summary Judgment." (Dkt. 1, Attach. 45.) However, in the body of that Order, Judge Palomo actually denied Plaintiff's Motion for Partial Summary Judgment. (*Id.*; *see also* Dkt. 1, Attach. 54 at 4 (noting that the motion was denied).) Thus, Plaintiff has also not won summary judgment at the state level and her claim that she has done so is incorrect. (Dkt. 94 at 1.)

centered on her *pro se* status and former counsel's deficient representation—in the context of the four good cause factors.

### 1.    Plaintiff's Explanation

The first factor the Court considers is Plaintiff's explanation for her failure to timely move for leave to amend. *S&W Enterprises,* 315 F.3d at 536. Nowhere in Plaintiff's Fifth Amended Petition or Reply does she explain why she failed to move for leave to amend by the March 6, 2023, deadline in the Amended Scheduling Order. Where a plaintiff offers "effectively no explanation," the first factor weighs against finding good cause to amend. *S&W Enterprises,* 315 F.3d at 536; *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Because Plaintiff offers no explanation for the lateness of this motion, the first factor weighs against her.

To the extent that Plaintiff relies on the deficiencies of her prior counsel or her current *pro se* status to implicitly explain her failure to amend by the deadline, neither ground supports amendment under these circumstances. As a starting point, the most relevant period for Plaintiff to explain her failure to amend is the time period prior to the expiration of the March 6, 2023, deadline. *See Martin v. Frail*, 2012 WL 12950505, at *3 (W.D. Tex. July 26, 2012) (noting that "the good cause analysis focuses on [Plaintiff's] failure to act prior to the deadline"). This is because to show good cause, Plaintiff must show that she could not reasonably meet the scheduling order deadline despite her diligence. *S&W Enterprises,* 315 F.3d at 535.

Plaintiff was represented by counsel, Mr. Hill and Ms. Klein, in the period up to and including when the deadline expired. Plaintiff claims that her prior counsel "inappropriately left her Petition incomplete without the Retaliation, Harassment, and Discrimination that is included in the Equal Employment Opportunity Commission Charges and the violations of the First

Amendment Rights in the Petition." (Dkt. 92 at 1; Dkt. 94 at 4.) Yet Plaintiff "voluntarily chose" to retain and continue with this counsel until after the deadline expired and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962); *see also McMahan v. U.S. Bank Nat'l Ass'n*, 2024 WL 2242687, at *6–7 (S.D. Tex. Feb. 9, 2024); *Thomas v. Brazos County*, 2007 WL 2220960, at *1 (S.D. Tex. July 31, 2007).

Although the record of this case shows that Plaintiff did ask her federal counsel to file amendments to the pleadings prior to the deadline,[4] she likewise chose to continue with their representation, stating as much in a communication in February of 2023 and initially opposing her counsel's withdrawal motion in April of 2023. (Dkt. 30 at 1; Dkt. 33 at 1; Dkt. 42 at 2–4, 7, 11.) Plaintiff has also not shown that "counsel's failure to amend the complaint was not the product of counsel's strategic choice." *McMahan*, 2024 WL 2242687, at *7. Indeed, the record suggests that it was a strategic choice: Plaintiff previously filed an email excerpt where counsel stated, "we do not think your First Amendment claim, even if re-pleaded to add more facts, would add to your damages . . . Based on our conversation, I will not file a motion for leave to amend, nor ask the court to consider an amended complaint with additional First Amendment facts." (Dkt. 35 at 2.) The Court had already once before considered and dismissed the First Amendment retaliation and Title VII discrimination claims that counsel raised in the Second Amended Petition. (Dkt. 7 at 12.)

Plaintiff's subsequent *pro se* status also does not provide a sufficient explanation of her failure to timely move to amend. Six months elapsed between the withdrawal of Plaintiff's federal counsel and Plaintiff's first *pro se* attempt to amend her pleadings (Dkts. 43, 53), ten months

---

[4] The record also suggests that Plaintiff went back and forth on whether to file amendments. (*See* Dkt. 34 at 1–2; Minute Entry for July 14, 2022.)

11 / 21

elapsed between the scheduling order deadline and that first *pro se* attempt (Dkts. 21, 53), and seventeen months elapsed between the deadline and Plaintiff's Fifth Amended Petition (Dkts. 21, 92). Other courts have denied *pro se* motions to amend that were equally or even less tardy than this motion. *See Unger v. Taylor,* 368 F. App'x 526, 529–30 (5th Cir. 2010) (affirming denial of *pro se* motion for leave to amend filed almost eleven months after the scheduling order deadline); *Martin*, 2012 WL 12950505, at *3 (same for *pro se* motion filed almost five months after the deadline); *Thomas*, 2007 WL 2220960, at *1 (denying *pro se* motion to amend filed two months after the deadline). The case is also now five years into litigation. (Dkt. 1, Attach. 2.)

Even going by the date of Plaintiff's first *pro se* attempt to amend her pleadings, her request for leave to amend was filed many months after the deadline, and Plaintiff has failed to explain why. The Court finds that the first factor weighs against Plaintiff.

### 2.    Importance of Requested Amendments

The second factor is the importance of Plaintiff's amendment. *S&W Enterprises,* 315 F.3d at 536. "[T]he importance of a proposed amendment is not judged by the effect the proposed defense or counterclaim might have on the litigation but, instead, by the likelihood that the proposed defense or counterclaim will succeed on the merits." *DynaEnergetics Eur. GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 599 (S.D. Tex. 2022); *see Bombardier Aerospace Corp. v. United States*, 831 F.3d 268, 284 (5th Cir. 2016) (affirming denial of motion for leave to amend complaint on the basis that "any amendment would be futile" and motion was late); *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003). Plaintiff makes no arguments about the importance of her requested amendments in the Fifth Amended Petition or Reply. She merely states in a conclusory manner that her prior counsel "left her Petition incomplete" by failing to include those claims. (*See* Dkt. 92 at 1; Dkt. 94 at 4.) Defendant, by

contrast, argues that each of Plaintiff's proposed amendments is futile and provides a thorough analysis that the Court has carefully considered in conjunction with the record and applicable authorities. (Dkt. 93 at 8–18.)

As presented in Plaintiff's 21-count Fifth Amended Petition (Dkt. 92) and her substantially similar 20-count Motion for Leave to Amend Pleadings, Sixth Amended Petition, and Reply (Dkt. 94), Plaintiff's claims have either already been raised in this case, are futile and unlikely to succeed on the merits, or are clearly not cognizable as causes of action. For example, Plaintiff has put forth no valid legal basis to add her prior federal counsel and Defendant's attorney as Defendants in this case after years of litigation. (Dkt. 94 at 6, 38.) Alleged violations of the Texas Disciplinary Rules of Professional Conduct, such as Rules 1.15 (now renumbered to 1.16) and 1.09, do not give a private plaintiff the ability to sue on that basis. Tex. Disc. R. Prof'l. Cond. Preamble ¶ 15 (Oct. 1, 2024) ("Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached"); (Dkt. 92 at 15, 34–35 (Counts 5, 19); Dkt. 94 at 18–19, 38 (Counts 4, 18).) Similarly, the multiple Texas Penal Code claims Plaintiff attempts to add against Defendant in the Fifth Amended Petition are fruitless, because the Texas Penal Code does not give private plaintiffs the ability to sue to enforce its provisions. *Akins v. Liberty County*, 2014 WL 105839, at *27 (E.D. Tex. Jan. 9, 2014) (noting that the Texas Penal Code "does not create private causes of action" and collecting state cases); (Dkt. 92 at 12–13 (Counts 2–4).) Nor do alleged violations of the Federal Rules of Civil Procedure entitle the Plaintiff to sue on those grounds. *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); (Dkt. 92 at 30–34, 38 (Counts 14–17, 21); Dkt. 94 at 34–37, 41 (Counts 13–16, 20).)

Even for Plaintiff's claims that are more grounded in applicable law, Plaintiff has already been permitted to present them by amending her Original Petition twice with the benefit of counsel.

(Dkt. 1, Attachs. 2, 11, 52.) Plaintiff's purported whistleblower claim, which she includes in multiple counts in the Fifth Amended Petition and Reply, was first presented in her Original Petition in 2020. (Dkt. 1, Attach. 2 at 8; Dkt. 92 at 13–30 (Counts 5–11, 13); Dkt. 94 at 16–33 (Counts 4–10, 12).)) Her Title VII discrimination and First Amendment claims, which Plaintiff also seeks to reintroduce in multiple counts, were presented in her Second Amended Petition in 2021. (Dkt. 1, Attach. 52 at 8–11; Dkt. 92 at 13–30 (Counts 5–11, 13); Dkt. 94 at 16–33 (Counts 4–10, 12).) Likewise, her Title VII retaliation, procedural due process, and breach of contract claims were presented in the Second Amended Petition and remain live. (*Id.*; *see also* Dkt. 92 at 27–28 (Count 12); Dkt. 94 at 30–31 (Count 11).) These claims could have been, and indeed were, raised before, taking away from their importance as amendments now. *Cf. Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, 2021 WL 9095768, at *3 (N.D. Tex. Sept. 22, 2021) (finding amendments important because they "provide *additional* grounds for recovery and factual allegations" (emphasis added)).

Given that Plaintiff has presented no arguments on the importance of her amendments and that her requested amendments are either unlikely to succeed on the merits, have already been raised in this litigation, or both, the Court finds that the second factor weighs against granting Plaintiff leave to amend.

### 3.    Potential Prejudice to Defendant

The third factor for the Court to consider is the potential prejudice to the other party in allowing amendment. *S&W Enterprises,* 315 F.3d at 536. Courts have found potential prejudice where "allowing the new claims would require essentially restarting the lawsuit for amended pleadings, discovery, and motions." *King v. Life Sch.*, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011); *see also S&W Enterprises,* 315 F.3d at 536–37 (affirming denial of motion to amend

where the district court found that the defendant would be prejudiced by the need to conduct additional discovery). Plaintiff includes no arguments on prejudice in her Fifth Amended Petition or Reply.

Echoing *King*, Defendant argues that allowing Plaintiff's requested amendments would prejudice Defendant because "it would require essentially restarting the case with amended pleadings, discovery, and motions." (Dkt. 93 at 6); *King*, 2011 WL 5242464, at *2. The Court agrees. Plaintiff initiated this case five years ago and both parties have already gone to substantial efforts to litigate the existing claims. The Court finds that the third factor weighs against Plaintiff.

### 4.    Availability of a Continuance to Cure Prejudice

The fourth factor is the availability of a continuance to cure the prejudice to the other party of amendment. *See S&W Enterprises*, 315 F.3d at 536. Plaintiff does not present arguments on whether a continuance could cure Defendant's anticipated prejudice in the Fifth Amended Petition or Reply. While the Court could grant a continuance to conduct additional discovery, to do so would set this case back even further from a final resolution and cause Defendant additional expense. *Thomas*, 2007 WL 2220960, at *1. This case has already languished for a long time and should again begin to move forward. The Court finds that the fourth factor also weighs against allowing Plaintiff's proposed amendment.

All four factors weigh against finding good cause for Plaintiff to amend her complaint for a third time at this late date. Evaluating these factors holistically and considering that Plaintiff has failed to show that the deadline could not be met despite her diligence, the Court finds that Plaintiff has not shown good cause to amend her complaint and DENIES leave to amend (Dkts. 92 and 94).

### B.    Other Pending Motions

In addition to the Fifth Amended Petition and Motion for Leave, Sixth Amended Petition, and Reply, Plaintiff has filed thirty-two motions that remain pending. (Dkts. 50–55, 61–62, 64–65, 68–69, 71, 75–77, 79–80, 82, 85–88, 91, 95–99, 101, 106, 108.) Defendant has filed nine responsive Motions to Strike that remain pending. (Dkts. 59–60, 100, 102–105, 107, 109.) In other words, there are forty-one other motions still pending in this case. Both the Magistrate Judge and the Court have advised Plaintiff that her pattern of filing is "untenable" and that her "numerous repetitive motions" are what "brought litigation to a halt." (Dkt. 74 at 1; Dkt. 89 at 2.) However, these advisals have not stopped Plaintiff from continuing to file additional repetitive motions. For example, Plaintiff has filed eight repetitive motions since the Court's consolidated briefing deadlines expired on September 13, 2024 (Dkt. 89 at 4), including to amend the pleadings. (Dkts. 91, 95–99, 101, 106, 108.)

In one such motion, Plaintiff claims that "she has not violated any Court Orders" because "*Every* PETITION AMENDMENT that Dr. Aradillas has filed are SINGLE CONSOLIDATED MOTIONS." (Dkt. 108 at 1–2.) This misconstrues the Court's clear language in its July 10, 2024, Order, in which "the Court orders Plaintiff to consolidate her numerous pending motions into a single motion to amend the pleadings" and repeats that "Plaintiff is ORDERED to file a single, consolidated motion to amend the complaint." (Dkt. 89 at 2–4.) In any event, the Court finds it necessary to curtail these excessive filings so that the case can proceed and the Parties can work toward a just resolution of Plaintiff's remaining claims.

The Court has "broad discretion and inherent authority to manage its docket." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021). "The role of a federal judge is not that of a mere moderator. Furthermore, the courts of this country labor under heavy caseloads, and in

order to accommodate these caseloads some concessions to expediency are necessary." *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (internal citations omitted).

The Court now exercises this discretion to DENY WITHOUT PREJUDICE Plaintiff's other pending motions (Dkts. 50–55, 61–62, 64–65, 68–69, 71, 75–77, 79–80, 82, 85–88, 91, 95–99, 101, 106, 108) and DENY AS MOOT Defendant's corresponding motions to strike (Dkts. 59–60, 100, 102–105, 107, 109), to allow this case to proceed efficiently toward adjudication of Plaintiff's substantive claims. A denial without prejudice means that Plaintiff may later re-file a motion from this list and re-urge the arguments within, subject to the Magistrate Judge and Court's other Orders, the procedural rules, and the substantive law. However, the Court cautions Plaintiff to heed the warning and follow the case rules set out in Discussion Section E of this Order, or else her motions may be stricken and she may be sanctioned.

## C.    Live Pleadings and Live Claims

With the Court's denial of leave to amend the complaint as sought in Plaintiff's consolidated briefing (Dkts. 92, 94), and denial without prejudice of all ten of Plaintiff's other *pro se* motions for leave to amend the complaint (Dkts. 53, 61, 64, 69, 75, 88, 95, 97, 99, 106), the Court now clarifies which are the operative pleadings and which claims remain. The current live pleading that governs this case is the Second Amended Petition (Dkt. 1, Attach. 52), as limited by the Court's 2022 Order and Memorandum dismissing Plaintiff's Title VII discrimination and First Amendment retaliation claims (Dkt. 7 at 12). Specifically, the only remaining live claims are the following:

    1) breach of contract
    2) Title VII retaliation, as stated in the 2019 and 2021 EEOC charges
    3) a 42 U.S.C. § 1983 claim for deprivation of procedural due process

(Dkt. 1, Attach. 52 at 8–11; Dkt. 7 at 9–10, 12.)

### D.   Summary Judgment Deadlines

The Court ORDERS Plaintiff to file ONE motion for summary judgment by April 4, 2025. Defendant's response shall be limited to ONE filing due by May 5, 2025, and any reply shall be limited to ONE filing due by May 12, 2025.

Plaintiff may only move for summary judgment on the remaining live claims, as set forth in Discussion Section C of this Order. In adjudicating the motion for summary judgment, the Court will not consider any claim that is not live. Any argument the Parties wish for the Court to consider must be reprised and included in this limited briefing (Motion, Response, and Reply), or it shall be deemed abandoned. *See Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party 'waives an issue if he fails to adequately brief it'") (quoting *Castro v. McCord*, 2007 WL 4467566, at *1 (5th Cir. Dec. 18, 2007)); *Agadaga v. Keele*, 1994 WL 684593, at *1 (5th Cir. Nov. 15, 1994) ("Even if the appellant is proceeding *pro se*, claims not adequately argued in the body of the brief are deemed abandoned on appeal"); *see also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

The Court CAUTIONS the Parties that it will STRIKE on its own initiative any additional filings the Parties submit related to Plaintiff's request for summary judgment that are not Plaintiff's **ONE** motion for summary judgment with exhibits attached, Defendant's **ONE** response, or Plaintiff's **ONE** reply to Defendant's response filed by the above deadlines. Filings that are stricken will be of no force or effect in this lawsuit.

### E.   Warning and Case Rules

Plaintiff is WARNED that if she continues to file multiple, repetitive motions without waiting for the Court to rule, the Court may impose a pre-filing injunction that would prohibit her

from submitting materials in the future without first asking for the Court's permission. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."). Plaintiff's duplicative filings make addressing her substantive claims a longer and more difficult process, interfering with the "orderly and expeditious disposition" of Plaintiff's case and drawing judicial resources away from other cases on the Court's docket. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 219 (5th Cir. 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Court will exercise the "broad discretion" district court judges have "in managing their own dockets" to ensure that this case is able to move forward and avoid it stalling out once again. *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010) (citing *Sims*, 77 F.3d at 849).

In the remainder of this case, both the Plaintiff and the Defendant must abide by the following rules: Motions, responses, and replies shall each be limited to twenty-five pages, not including exhibits. No amendments or supplements to the complaint shall be filed without prior Court approval. Each party must confer with the other party before filing a motion with the Court and include a "Certificate of Conference" with the motion, stating whether the other party is opposed or unopposed. S.D. Tex. L.R. 7.1, 7.2. The only exception to this requirement to confer is when filing a Motion for Summary Judgment under Rule 56, a Motion to Dismiss under Rule 12(b), a Motion for Judgment on the Pleadings under Rule 12(c), a Motion for a More Definite Statement under Rule 12(e), or a Motion to Strike under Rule 12(f). *Id.* 7.1; Fed. R. Civ. P. 12, 56.

Any pleadings, motions, or other papers filed in violation of these directives, including any pleadings, motions, or other papers which contain any new claims not already explicitly raised in the live pleadings—the Second Amended Petition (Dkt. 1, Attach. 52), as limited by the Court's 2022 Order and Memorandum dismissing Plaintiff's Title VII discrimination and First

Amendment retaliation claims (Dkt. 7 at 12)—may be STRICKEN from the record on the Court's own initiative without further notice and will be of no force or effect in this lawsuit.

Any pleadings, motions, or other papers that are filed with substantially the same claims or contents as another pending pleading, paper, or motion may also be STRICKEN by the Court without additional notice and will be of no force or effect in this lawsuit.

Finally, any pleadings, motions or other papers filed in violation of the directives in this section may also subject a party to other sanctions, including a pre-filing injunction or the dismissal of this lawsuit for failure to comply with court orders, if appropriate.

### Conclusion

For the foregoing reasons, Plaintiff's Fifth Amended Petition and Complaint (Dkt. 92) and Plaintiff's Motion for Leave to Amend Pleadings and Sixth Amended Petition and Complaint (Dkt. 94) are DENIED. All of Plaintiff's other pending Motions (Dkts. 50–55, 61–62, 64–65, 68–69, 71, 75–77, 79–80, 82, 85–88, 91, 95–99, 101, 106, 108) are DENIED without prejudice. All of Defendant's pending Motions to Strike (Dkts. 59–60, 100, 102–105, 107, 109) are DENIED as moot.

Plaintiff is ORDERED to file **ONE** motion for summary judgment by **April 4, 2025**. Defendant's response shall be due by **May 5, 2025**, and any reply shall be due by **May 12, 2025**.

The Clerk of Court is DIRECTED to terminate Dkts. 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 64, 65, 68, 69, 71, 75, 76, 77, 79, 80, 82, 85, 86, 87 88, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, and 109.

IT IS SO ORDERED.

SIGNED this March 4, 2025.

Diana Saldaña
United States District Judge