Case 5:21-cv-00160   Document 115   Filed on 03/18/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CYNTHIA ARADILLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 5:21-CV-00160** |
| | § | |
| **LAREDO COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Plaintiff Cynthia Aradillas ("Plaintiff"), proceeding *pro se*, filed a Motion for Withdrawal of Order (Dkt. 112) and a Notice of Appeal (Dkt. 113) regarding the Court's Order (Dkt. 111) denying her leave to amend her petition and denying without prejudice her dozens of other pending motions. The Court's Order is not a final decision subject to appeal under 28 U.S.C. § 1291, Rule 54(b) of the Federal Rules of Civil Procedure, or a jurisprudential exception, nor is it an appealable interlocutory order that falls into a specifically enumerated class under 28 U.S.C. § 1292(a). *See Gomez v. Garza*, 2024 WL 4602693, at *1 (5th Cir. June 12, 2024) ("The district court's order denying leave to amend the complaint is not a final or otherwise appealable order") (citing *Wallace v. County of Comal*, 400 F.3d 284, 291 (5th Cir. 2005)); *Telles v. City of El Paso*, 164 F. App'x 492, 495–96 (5th Cir. 2006) (finding that the district court's denial of a motion without prejudice to re-filing was not final for the purposes of appeal).

Given that Plaintiff does not seek appeal from a final order or an interlocutory order from which she may appeal as of right, the Court construes Plaintiff's Notice of Appeal as a motion to certify the Court's Order for a permissive interlocutory appeal under 28 U.S.C. § 1292(b). *See Mason v. Ruiz Protective Servs.*, 2008 WL 11424040, at *1 (N.D. Tex. Jan. 2, 2008) (construing

notice of appeal of interlocutory order as a motion under § 1292(b)). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. § 1292(b). Plaintiff cannot appeal from the Court's Order (Dkt. 111) at this point in the litigation because none of the statutory requirements have been met. In her Notice, Plaintiff states simply that "The Southern District Of Texas Laredo Division Court is in violation of RULES in Dr. Aradillas' case." (Dkt. 113 at 1.) Plaintiff also states that "Dr. Aradillas has made Summary Judgment Motions that are dismissed by the Southern District Of Texas Laredo Division Court, the Defendant never responded to them, and Dr. Aradillas' Motions for Hearings are rejected." (*Id.*)

Plaintiff has not specified a controlling question of law, much less one for which there would be substantial ground for a difference of opinion. 28 U.S.C. § 1292(b); *see also Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Rather, Plaintiff expresses her disagreement with the Court's decision to deny *without prejudice* Plaintiff's multiple redundant motions for summary judgment and to require her to instead file a single motion for summary judgment that reprises her arguments on her live claims. (Dkt. 111 at 17–18.) An immediate appeal from the Court's Order would delay, rather than advance, the ultimate termination of this oft-delayed litigation. *Clark-Dietz*, 702 F.2d at 69.

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; as such, "Section 1292(b) appeals are exceptional."

*Clark-Dietz*, 702 F.2d at 69. This exceptional certification of a permissive interlocutory appeal is not warranted here. Plaintiff shall be entitled to appeal at the regular stage in these proceedings, after a final judgment issues. Plaintiff's motion to certify an interlocutory appeal, styled as a Notice of Appeal (Dkt. 113), is hereby DENIED.

Because Plaintiff attempts to appeal an interlocutory order that is non-appealable at this stage in the litigation, her Notice of Appeal does not divest the Court of jurisdiction. *See Burch v. Freedom Mortg. Corp.*, 2021 WL 12315159, at *1 (N.D. Tex. Oct. 27, 2021) ("Notice of appeal from a non-appealable order . . . does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal") (quoting *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)). The Court notes:

> [W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.

*Id.* (quoting *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007)).

In her Motion for Withdrawal of Order (Dkt. 112), Plaintiff failed to include a "Certificate of Conference" stating whether Defendant Laredo College was opposed or unopposed to the Motion, in violation of this case's rules set forth in the Court's Order (Dkt. 111 at 19) as well as the Local Rules. S.D. Tex. L.R. 7.1, 7.2. The Court previously cautioned the Parties that "[a]ny pleadings, motions, or other papers filed in violation of these directives . . . may be STRICKEN from the record on the Court's own initiative without further notice and will be of no force or effect in this lawsuit. (Dkt. 111 at 19–20.) Accordingly, Plaintiff's Motion (Dkt. 112) is hereby STRICKEN.

For the foregoing reasons, Plaintiff's Motion for Withdrawal of Order (Dkt. 112) is STRICKEN and Plaintiff's motion to certify an interlocutory appeal, styled as a Notice of Appeal

(Dkt. 113), is DENIED. The Parties are ADMONISHED that the summary judgment briefing deadlines remain in effect: Plaintiff's **ONE** motion for summary judgment is due by **April 4, 2025**, Defendant's response is due by **May 5, 2025**, and any reply is due by **May 12, 2025**.

IT IS SO ORDERED.

SIGNED this March 18, 2025.

Diana Saldaña
United States District Judge