United States District Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CYNTHIA ARADILLAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-00160 |
| | § | |
| **LAREDO COLLEGE,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On April 4, 2025, Plaintiff Cynthia Aradillas ("Plaintiff"), proceeding *pro se*, filed a "Second Notice of Appeal" (Dkt. 117), again challenging the Court's Order (Dkt. 111) that denied her leave to amend her petition and denied without prejudice her dozens of other pending motions. Plaintiff also seeks to appeal the Court's Order (Dkt. 115) that denied Plaintiff's motion to certify an interlocutory appeal (styled as a "Notice of Appeal") and struck Plaintiff's Motion for Withdrawal of Order. (*See* Dkt. 117 at 1.) Finally, she seeks to appeal the Magistrate Judge's Order (Dkt. 116) setting a status conference for May 27, 2025.[1] (*See id.*) The Court had ordered Plaintiff to file a motion for summary judgment by April 4, 2025, but Plaintiff filed her second notice of appeal instead. (Dkt. 111 at 20; *see also* Dkt. 115 at 4.)

The Court again reminds Plaintiff that an interim Order, such as Dkt. 111, is not appealable until after a final judgment is issued. Plaintiff claims that the Court's Orders "take away [her] legal rights to APPEAL [her] three Unopposed Summary Judgments." (Dkt. 117 at 1.) That is not so. The Court's refusal to certify a permissive interlocutory appeal under 28 U.S.C. § 1292(b) merely

---

[1] Plaintiff refers only to Dkt. 114, Attach. 2, and Dkt. 116 in her Second Notice of Appeal, but the Court understands the content of her filing to address Dkts. 111, 115, and 116. (*See* Dkt. 117 at 1.)

1 / 5

requires Plaintiff to follow the rules of procedure and, accordingly, wait to appeal until a final, appealable decision has been made in her case. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

The Court's Order (Dkt. 111) denying leave to amend is not a final decision subject to appeal under 28 U.S.C. § 1291, Rule 54(b) of the Federal Rules of Civil Procedure, or a jurisprudential exception, nor is it an appealable interlocutory order that falls into a specifically enumerated class under 28 U.S.C. § 1292(a). *See Gomez v. Garza*, 2024 WL 4602693, at *1 (5th Cir. June 12, 2024) ("The district court's order denying leave to amend the complaint is not a final or otherwise appealable order") (citing *Wallace v. County of Comal*, 400 F.3d 284, 291 (5th Cir. 2005)); *Telles v. City of El Paso*, 164 F. App'x 492, 495–96 (5th Cir. 2006) (finding that the district court's denial of a motion without prejudice to re-filing was not final for the purposes of appeal).

Nor is the Court's Order (Dkt. 115) denying Plaintiff's motion to certify an interlocutory appeal and striking Plaintiff's Motion for Withdrawal of Order or the Magistrate Judge's Order (Dkt. 116) setting a status conference a final or otherwise appealable order. *See Gomez*, 2024 WL 4602693, at *1 (dismissing an appeal for want of jurisdiction where district court's order was not final or otherwise appealable). "A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (quoting *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). These Orders (Dkts. 115–116) do not end the litigation on the merits, and there remain many issues for the Parties to litigate and the Court to adjudicate. *See id.*

Given that Plaintiff does not seek appeal from a final order or an interlocutory order from which she may appeal as of right, the Court construes Plaintiff's Second Notice of Appeal as a motion to certify the Court's Orders (Dkts. 111, 115) and the Magistrate Judge's Order (Dkt. 116) for a permissive interlocutory appeal under 28 U.S.C. § 1292(b). *See Mason v. Ruiz Protective Servs.*, 2008 WL 11424040, at *1 (N.D. Tex. Jan. 2, 2008) (construing notice of appeal of interlocutory order as a motion under § 1292(b)). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. § 1292(b). Plaintiff cannot appeal from either the Court's Orders (Dkts. 111, 115) or the Magistrate Judge's Order (Dkt. 116) at this point in the litigation because none of the statutory requirements have been met. In her Second Notice, Plaintiff simply states her desire to appeal and claims that the Court's Orders themselves constitute retaliation and harassment. (*See* Dkt. 117 at 1.)

Plaintiff has not specified a controlling question of law, much less one for which there would be substantial ground for a difference of opinion. 28 U.S.C. § 1292(b); *see also Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Rather, Plaintiff expresses her disagreement with the Court's decisions by claiming they are retaliatory and that the Court itself is "using harassment by interfering with my Appeal with an Order for a Court Conference (Dkt. 116) in order to intimidate me, silence me, and continue to take away my Title VII rights, Freedom of Speech rights and my EEOC Rights to Sue." (Dkt. 117 at 1.) An immediate

appeal from the Court's Order would delay, rather than advance, the ultimate termination of this oft-delayed litigation. *Clark-Dietz*, 702 F.2d at 69.

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; as such, "Section 1292(b) appeals are exceptional." *Clark-Dietz*, 702 F.2d at 69. This exceptional certification of a permissive interlocutory appeal is not warranted here. Plaintiff shall be entitled to appeal at the regular stage in these proceedings, after a final judgment is issued. Plaintiff's second motion to certify an interlocutory appeal, styled as a Second Notice of Appeal (Dkt. 117), is hereby DENIED.

Because Plaintiff attempts to appeal interlocutory orders that are non-appealable at this stage in the litigation, her Second Notice of Appeal does not divest the Court or Magistrate Judge of jurisdiction. *See Burch v. Freedom Mortg. Corp.*, 2021 WL 12315159, at *1 (N.D. Tex. Oct. 27, 2021) ("Notice of appeal from a non-appealable order . . . does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal") (quoting *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)). The Court notes:

> [W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.

*Id.* (quoting *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007)).

For the foregoing reasons, Plaintiff's second motion to certify an interlocutory appeal, styled as a Second Notice of Appeal (Dkt. 117), is DENIED. The Parties are ADMONISHED that the status conference before the Magistrate Judge has been reset to **April 24, 2025, at 11:30 AM, in Courtroom 2B**. (Dkt. 118.) The Parties are WARNED that failure to appear at a court-ordered hearing, such as this status conference, may subject a party to sanctions, up to and including the dismissal of this lawsuit for failure to comply with court orders, if appropriate.

IT IS SO ORDERED.

SIGNED this April 15, 2025.

_____
Diana Saldaña
United States District Judge