United States District Court
Southern District of Texas

**ENTERED**

May 16, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA ARADILLAS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil No. 5:21-cv-00160 |
| | § | |
| LAREDO COLLEGE, | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Disqualify Judge Song Quiroga under 28 U.S.C. § 455.[1]  Dkt. No. 130.  Plaintiff's motion and allegations therein remain essentially the same as her previous Motion to Disqualify.  *Id;* Dkt. No. 127.  However, the current motion seeks to disqualify only the undersigned.  Dkt. No. 130.  Plaintiff continues to make baseless claims that Judge Song Quiroga harbors a personal bias against her, evidenced solely by what she sees as adverse rulings against her.  *Id.*  She goes so far as to blame Judge Song Quiroga for rulings not issued by her and for failing to rule in her favor on motions beyond her jurisdiction.  *Id*. at 2–3; 7–8.

As previously explained in the order denying Plaintiff's earlier motion, alleged bias under § 455 must be personal, not judicial.  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Judicial rulings do not ordinarily support a motion to disqualify for personal bias.  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997).

---

[1] While this motion is addressed to Judge Saldaña, the challenged Judge properly rules on a motion under 28 U.S.C. § 455. *See Babauta v. Harris Cnty. Sheriff's Dep't*, No. CIV.A. H-08-251, 2010 WL 4875691 at *1 (S.D. Tex. Nov. 23, 2010) (citing *United States v. Balistrieri,* 779 F.2d 1191, 1202–03 (7th Cir.1985) & *Chitimacha Tribe of Louisiana v. Harry L. Laws. Co.,* 690 F.2d 1157, 1166 (5th Cir.1982)).

Judicial rulings may provide grounds for appeal, but not for disqualification. *Landerman* 109 F.3d at 1066. Additionally, Plaintiff is reminded that "[l]itigants, including pro se litigants, who make frivolous filings have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Washington v. E. Baton Rouge Par. Sch. Sys.*, 504 F. App'x 350, 351 (5th Cir. 2013) (internal citation and quotation omitted).

Plaintiff's allegations of bias, based solely on her disagreement with rulings by Judge Song Quiroga and other baseless claims, do not support disqualification. As such, Plaintiff's Motion to Disqualify Judge Song Quiroga under 28 U.S.C. § 455, Dkt. No. 130, is **DENIED**.

IT IS SO ORDERED

Signed this May 16, 2025, in Laredo Texas.

Diana Song Quiroga
United States Magistrate Judge