UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CYNTHIA ARADILLAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-00160 |
| | § | |
| **LAREDO COLLEGE,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On June 20, 2025, Plaintiff Cynthia Aradillas ("Plaintiff"), proceeding *pro se*, filed a "Fourth Notice of Appeal" (Dkt. 139), seeking to challenge the Magistrate Judge's Orders (Dkts. 133, 138) denying Plaintiff's motion to disqualify the Magistrate Judge and setting a schedule of deadlines for depositions and summary judgment briefing.

As the Court has repeatedly reminded Plaintiff, an interim Order, such as Dkt. 138, is not appealable until after a final judgment is issued. Indeed, on June 6, 2025, the Fifth Circuit Court of Appeals dismissed Plaintiff's first Notice of Appeal for that reason. (*See* Dkt. 141.) The Fifth Circuit explained that neither the Court's denial of leave to amend the complaint nor the Court's denial of the motions for summary judgment were "a final or otherwise appealable order." (*See id.* at 2.) The same is true for the two Orders Plaintiff now seeks to appeal.

The Magistrate Judge's Orders (Dkts. 133, 138) denying Plaintiff's motion to disqualify the Magistrate Judge and setting deposition and summary judgment briefing deadlines are not final decisions subject to appeal under 28 U.S.C. § 1291, Rule 54(b) of the Federal Rules of Civil Procedure, or a jurisprudential exception, nor are they appealable interlocutory orders that fall into a specifically enumerated class under 28 U.S.C. § 1292(a). *See Fairley v. BP Expl. & Prod., Inc.*,

2022 WL 18716536, at *1 (5th Cir. Sept. 22, 2022) (citing *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809–10 (5th Cir. 1993)).

The Magistrate Judge's Order (Dkt. 133) denying Plaintiff's motion to disqualify the Magistrate Judge is not final or otherwise appealable at this stage in the litigation. *See id.* ("The district court's order denying a motion to disqualify is not a final order") (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 n.3 (5th Cir. 1992)); *see also Martin v. Driskell*, 2021 WL 4784756, at *1 (5th Cir. July 12, 2021) (dismissing an appeal for want of jurisdiction where plaintiff appealed a magistrate judge's order denying his motion to recuse the magistrate judge).

Nor is the Magistrate Judge's Order (Dkt. 138) setting a schedule and deadlines for depositions and summary judgment briefing a final or otherwise appealable order. *See Gomez v. Garza*, 2024 WL 4602693, at *1 (5th Cir. June 12, 2024) (dismissing an appeal for want of jurisdiction where district court's order was not final or otherwise appealable). "A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Askanase*, 981 F.2d at 810 (quoting *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). These Orders (Dkts. 133, 138) do not end the litigation on the merits, and there remain many issues for the Parties to litigate and the Court to adjudicate. *See id.*

Given that Plaintiff does not seek appeal from a final order or an interlocutory order from which she may appeal as of right, the Court construes Plaintiff's Fourth Notice of Appeal as a motion to certify the Magistrate Judge's Orders (Dkts. 133, 138) for a permissive interlocutory appeal under 28 U.S.C. § 1292(b). *See Mason v. Ruiz Protective Servs.*, 2008 WL 11424040, at *1 (N.D. Tex. Jan. 2, 2008) (construing notice of appeal of interlocutory order as a motion under § 1292(b)). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

> question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. § 1292(b). Plaintiff cannot appeal from the Magistrate Judge's Orders (Dkts. 133, 138) at this point in the litigation because none of the statutory requirements have been met.

In her Fourth Notice, Plaintiff states her desire to appeal, claims that the Magistrate Judge's Orders are retaliatory, and complains that the Order setting new deadlines is based on a "retaliatory hearing that took away all my legal rights in open court[.]"[1] (*See* Dkt. 139 at 1.) Plaintiff has not specified a controlling question of law, much less one for which there would be substantial ground for a difference of opinion. (*See id.*); 28 U.S.C. § 1292(b); *see also Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Rather, Plaintiff expresses her disagreement with the Magistrate Judge's decisions by claiming they are retaliatory and alleging that there has been "brazen judicial misconduct" in her case. (Dkt. 139 at 1.) An immediate appeal from the Court's Order would delay, rather than advance, the ultimate termination of this oft-delayed litigation. *Clark-Dietz*, 702 F.2d at 69.

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; as such, "Section 1292(b) appeals are exceptional." *Clark-Dietz*, 702 F.2d at 69. This exceptional certification of a permissive interlocutory appeal is not warranted here. Plaintiff shall be entitled to appeal at the regular stage in these proceedings, after a final judgment is issued. Plaintiff's fourth motion to certify an interlocutory appeal, styled as a Fourth Notice of Appeal (Dkt. 139), is hereby DENIED.

---

[1] Presumably, Plaintiff is referring to the June 18, 2025, status conference before the Magistrate Judge. (*See* Minute Entry for June 18, 2025.)

Because Plaintiff attempts to appeal an interlocutory order that is non-appealable at this stage in the litigation, her Fourth Notice of Appeal does not divest the Court or Magistrate Judge of jurisdiction. *See Burch v. Freedom Mortg. Corp.*, 2021 WL 12315159, at *1 (N.D. Tex. Oct. 27, 2021) ("Notice of appeal from a non-appealable order . . . does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal") (quoting *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)). The Court notes:

> [W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.

*Id.* (quoting *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007)).

For the foregoing reasons, Plaintiff's fourth motion to certify an interlocutory appeal, styled as a Fourth Notice of Appeal (Dkt. 139), is DENIED.

IT IS SO ORDERED.

SIGNED this June 26, 2025.

_____
Diana Saldaña
United States District Judge