IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA ARADILLAS,<br>Pro Se Plaintiff, | § § § § | |
| V. | § § | 5:21-cv-00160 |
| LAREDO COLLEGE,<br>Defendants | § § § § § | |

**PLAINTIFF'S DOCKET-SPECIFIC MOTION
TO ENTER FINAL JUDGMENT UNDER FED. R. CIV. P. 58
(PRESERVING ALL PROCEDURAL AND JURISDICTIONAL VIOLATIONS)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Dr. Cynthia Aradillas, appearing pro se, respectfully moves for entry of a separate final judgment under Federal Rule of Civil Procedure 58, and states as follows:

## I.
### RELIEF REQUESTED

Plaintiff requests that the Court enter a separate, final, appealable judgment under Rule 58 disposing of all claims so that Plaintiff may exercise her right to appeal under 28 U.S.C. § 1291.

This motion seeks only the ministerial entry of final judgment. It does not request merits rulings on any pending motion.

## II.
## DOCKET BACKGROUND REQUIRING RULE 58 JUDGMENT

On March 5, 2025, the Court issued its Omnibus Order (Dkt. 111), striking amended pleadings, denying pending motions without prejudice, and directing the Clerk to terminate numerous docket entries.

No separate Rule 58 judgment was entered with Dkt. 111 or at any time thereafter.

On May 9, 2025, Plaintiff filed and paid a Third Notice of Appeal to the Fifth Circuit (Dkt. 125). The Clerk's Notice of Filing of an Appeal was entered on May 12, 2025 (Dkt. 126).

Plaintiff maintains that filing the fee-paid Notice of Appeal invoked appellate jurisdiction and implicated the divestiture principles recognized in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

Despite Plaintiff's appeal posture, the Court continued merits activity, including:

Dkt. 138 (June 18, 2025) — a post-appeal scheduling order structuring dispositive practice; and

Dkt. 156 (Sept. 19, 2025) — Defendant's summary-judgment motion filed pursuant to that order.

Plaintiff filed a Motion to Strike Dkt. 156 (Dkt. 159) and a substantive Response to Dkt. 156 (Dkt. 160) so that the Court had a complete merits record before it.

The Fifth Circuit dismissed Plaintiff's prior appeals for lack of jurisdiction because no Rule 58 judgment exists, leaving Plaintiff without appellate review.

## III.
## RULE 58 STANDARD

Federal Rule of Civil Procedure 58(a) requires that "every judgment must be set out in a separate document."

This requirement is mandatory.
See *United States v. Indrelunas*, 411 U.S. 216 (1973); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir. 1986) (en banc).

Where dispositive rulings have been made but no separate judgment entered, a party is entitled to request that the court perform this ministerial duty.

## IV.
## GOOD CAUSE EXISTS TO ENTER JUDGMENT

Good cause exists because:

- Dkt. 111 functioned as a dispositive order in practical effect by striking operative pleadings and directing termination of numerous motions, yet no Rule 58 judgment was entered;

- No trial is scheduled or pending;

- Without a Rule 58 judgment, Plaintiff's appellate rights have been repeatedly foreclosed;

- The post-appeal record reflects ongoing merits activity, including:
    - Defendant's summary-judgment motion (Dkt. 156);
    - Plaintiff's Motion to Strike (Dkt. 159); and
    - Plaintiff's substantive Response (Dkt. 160);

- Entry of judgment will not prejudice Defendant — it will simply permit appellate review.

This motion requests only the ministerial entry of a separate final judgment under Rule 58 and does not request merits adjudication of any pending motion.

## V.
## WHY IMMEDIATE ENTRY OF JUDGMENT IS NECESSARY

### A. Post-Appeal Dispositive Practice.

After Plaintiff filed Dkt. 125 (May 9, 2025) and the Clerk issued Dkt. 126 (May 12, 2025), the Court entered Dkt. 138 and allowed Dkt. 156, continuing dispositive proceedings while appellate jurisdiction was contested.

### B. Continued Merits Activity.

The Court proceeded with summary-judgment practice and struck Plaintiff's stay request in Dkt. 157, rather than pausing proceedings.

### C. Rule 56 Issues and Dkt. 111.

Plaintiff filed multiple Rule 56 motions (Dkts. 80, 86, 88–90, 96). Those motions were terminated in Dkt. 111 without adjudicating the merits of the summary-judgment record.

### D. Manufactured Non-Finality.

Despite effectively resolving the case in practice, the Court did not enter a separate Rule 58 judgment, causing repeated appellate dismissals.

## VI.
## PRESERVATION OF ISSUES FOR APPEAL

Plaintiff expressly preserves for appellate review objections to:

A. Post-appeal jurisdictional actions (Dkts. 138, 156, 157);

B. Unequal scheduling under Dkt. 138;

C. Termination of Rule 56 motions in Dkt. 111;

D. Continued merits activity after Dkt. 125.

Nothing in this motion waives Plaintiff's position that her Rule 56 motions should have been granted under *Eversley v. MBank Dallas*, 843 F.2d 172 (5th Cir. 1988).

## VII.
## PRAYER

Plaintiff respectfully requests that the Court:

1. Enter a separate final judgment under Rule 58;

2. State that the judgment is final and appealable under 28 U.S.C. § 1291; and

3. Grant such further relief as the Court deems just.

Respectfully submitted,

/s/ Dr. Cynthia Aradillas
Dr. Cynthia Aradillas, Pro Se
9804 Starla Ct.
Laredo, Texas 78045
(956) 231-3820

## APPENDIX A — RELEVANT DOCKET HISTORY (DOCKET-BASED)

The following entries are already part of the Court's official CM/ECF docket in this case and are referenced for convenience only; no documents are re-filed or attached here.

- **Dkt. 111 — March 5, 2025**
  Omnibus Order striking pleadings and terminating motions; no separate Rule 58 judgment entered.

- **Dkt. 125 — May 9, 2025**
  Plaintiff's Third Notice of Appeal (fee paid).

- **Dkt. 126 — May 12, 2025**
  Clerk's Notice of Filing of Appeal.

- **Dkt. 138 — June 18, 2025**
  Post-appeal scheduling order.

- **Dkt. 145 — July 8, 2025**
  Fifth Circuit dismissal for lack of final judgment.

- **Dkt. 156 — September 19, 2025**
  Defendant's summary-judgment motion.

- **Dkt. 157 — September 22, 2025**
  Order striking Plaintiff's stay request as moot.

- **Dkt. 159 — October 14, 2025**
  Plaintiff's Motion to Strike Defendant's summary-judgment motion.

- **Dkt. 160 — October 21, 2025**
  Plaintiff's Response to Defendant's summary-judgment motion.

- **Dkt. 168 — December 13, 2025**
  Fifth Circuit dismissal confirming the absence of a Rule 58 judgment.

## CERTIFICATE OF SERVICE

I certify that on this date a true and correct copy of this motion was personally filed at the clerk's office and served via CM/ECF on all counsel of record.

Date: February 4, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CYNTHIA ARADILLAS,** | § | |
| **Pro Se Plaintiff,** | § | |
| | § | |
| V. | § | **5:21-cv-00160** |
| | § | |
| **LAREDO COLLEGE,** | § | |
| **Defendants** | § | |

---

**PROPOSED ORDER**
**PLAINTIFF'S DOCKET-SPECIFIC MOTION**
**TO ENTER FINAL JUDGMENT UNDER FED. R. CIV. P. 58**
**(PRESERVING ALL PROCEDURAL AND JURISDICTIONAL VIOLATIONS)**

---

PROPOSED ORDER GRANTING RULE 58 MOTION

Before the Court is Plaintiff's Motion to Enter Final Judgment Under Rule 58. Having considered the motion and the record, the Court finds that entry of a separate final judgment is appropriate.

IT IS ORDERED that:

1. Plaintiff's Motion to Enter Final Judgment is GRANTED.

2. The Court shall enter a separate final judgment under Rule 58 disposing of all claims.

3. The final judgment shall reflect that the Court's dispositive rulings include those set forth in Dkt. 111 and any subsequent orders affecting the merits or procedural posture of this case.

4. Nothing herein limits Plaintiff's right to challenge Dkts. 111, 138, 156, and 157 on appeal.

5. The judgment is final and appealable under 28 U.S.C. § 1291.

Signed this _____ day of _____, 2026.

Honorable Judge DIANA SALDAÑA
District Court